The opinion of the court was delivered by
Fenner, J.
The city’s demand rests on the following allegations, viz:
1. That the defendant company, by virtue of its charter and the franchises conferred upon it by the State, had assumed the obligation of maintaining the banks of the Canal Carondelet in such a-condition as to prevent the waters thereof from overflowing and injuring adjacent property.
2. That the defendant had failed to perform this obligation, and that, in 1886, the city, in order to protect its inhabitants, had expended 818,33 in repairing and building revetments and levees along said canal, which work was necessary to prevent the overflow of its waters.
8. That the work so done was what the defendant was under obligation to do, and was useful and necessary to defendant and saved it from the responsibility which it would have incurred for injuries which the overflow would have occasioned, and that, therefore, defendant is bound to reimburse said expenditure.
An exception of no cause of action was filed in the lower court,, and was, as we think, properly maintained.
The plaintiff’s pleadings set forth the various legislative acts and other proceedings under which the defendant derived its rights and obligations. They have, heretofore, been considered by this court,, *8 find a succinct history of them will be found in our opinion rendered in the Singer’s case. 39 An. 478.
They exhibit no contractual relations between the defendant and the city of New Orleans.
They contain no stipulation pour ciufrmi in favor of the city.
They neither express nor suggest any obligation on the part of defendant to build levees along the banks of its canal so as to prevent overflows. The Canal Carondelet communicates directly, through the Bayou St. John, with Lake Pontchartrain, whose waters in times of storm have, from time immemorial, flooded the region through which this canal passed. When this canal was built it passed through an unbroken swamp. It appears on the face of the Act of 1805, the original charter, that the corporation was authorized only “to enter into and upon all and singular the land and lands covered with water, where they shall deem it proper to carry the canals, navigation,” .etc.
Surely such grant did not contemplate the building of levees; and uo subsequent alteration has imposed such obligation.
It thus appearing that defendant had not agreed to assume this obligation, and that no express provision of law had imposed upon it the particular duty of building levees along its canal, we can discover no source of any obligation for failing to do so, unless it arise from a breach of those general duties imposed on all persons, and which are treated of in our code under the title, offenses and quasi-offenses.
Article 2317 provides that “we are responsible not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable or of the things which we have in our custody,”
If it were admitted that the owner or custodian of a canal was bound to keep its waters from escaping, and would be answerable for damages occasioned by such escape, would that authorize a third person, not threatened with any personal damage, to build expensive levees along the canal and claim the cost thereof on the ground that, if they had not been built, the waters would have escaped and would have damaged others, which damage the custodian would have been bound to repair?
There is no authority sustaining such a right. The case quoted of Police Jury vs. McDonogh, 10 An. 395, rested especially on the *9 ground that the law of the State and the police regulations of the parish imposed upon defendant the particular duty of building the levee, and it was therefore held that, as the police jury had built the levee which defendant was bound to build, it was entitled to recover the value of the work. The difference between the cases is too obvious to require further comment.
We must not be understood as holding that, under the particular features of this case, the defendant would be bound for damages resulting from overflow of its canal resulting from the flooding by the lake; but, if it were, the city’s case would be unmaintainable.
Judgment affirmed.